UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                                   :

TRUSTEES FOR THE MASON                 :
TENDERS DISTRICT COUNCIL              :
WELFARE FUND, PENSION FUND,          :
ANNUITY FUND, and TRAINING             :
PROGRAM FUND, and JOHN J. VIRGA,   :      16-cv-4776
in his fiduciary capacity as Director,         :
                                                                 :      OPINION AND ORDER
and                                                         :

ROBERT BONANZA, as Business            :
Manager of the MASON TENDERS         :
DISTRICT COUNCIL OF GREATER         :
NEW YORK,                                 :

                     Plaintiffs,                  :

                       -against-                      :

MARLBORO GROUP                     :
INTERNATIONAL, LLC                 :

                     Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Petitioners,[1] as trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds"), seek confirmation of an arbitration award against Defendant Marlboro Group International, LLC ("Marlboro") dated June 22, 2015. For the following reasons, Petitioners' motion is granted.

## BACKGROUND

        The Mason Tenders District Council and Marlboro are parties to the 2014-2017

---

[1] Petitioners have mischaracterized their pleading as a "Complaint." This Court will treat their request as a petition to confirm an arbitration award. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 108 (2d Cir. 2006) ("[Motions to confirm an arbitration award] are motions in an ongoing proceeding rather than a complaint initiating a plenary action.").

MTDC Independent Collective Bargaining Agreement (the "CBA"). Under the CBA, Marlboro is obligated to pay fringe benefits, union dues, and political action committee ("PAC") contributions to the Funds. Marlboro became delinquent in making those contributions for two employees from November 1, 2008 through February 28, 2009. (First Amended Complaint ("FAC") at ¶ 14.) Marlboro also refused to allow the Funds' auditor to examine its payroll records. (FAC at ¶ 16.)

The CBA permits trustees to pursue breaches of the CBA either through arbitration or legal proceedings, and binds Marlboro to the terms of the Funds' trust agreements, including the arbitration provision. (See FAC ¶ 8–13.)

The Funds commenced an arbitration proceeding against Marlboro on October 31, 2013, alleging that Marlboro failed to pay fringe benefits, dues, and PAC contributions to the Funds for the period between November 1, 2008 to February 28, 2009. (FAC at ¶15.) After an unsuccessful attempt to negotiate a settlement, the Funds renewed their Notice of Arbitration on February 25, 2015. (FAC at ¶ 16.) On April 22, 2015, the parties presented their evidence before an assigned arbitrator.

In an Opinion and Award dated June 22, 2015, the arbitrator found that Marlboro breached the CBA, and ordered Marlboro to pay the Funds a total of $43,905.75: $28,068.24 in delinquent fringe benefit contributions; $2,366.30 in delinquent dues and PAC contributions; $4,957.46 in interest; $5,613.65 in liquidated damages; $400.00 in penalties for its refusal to allow an audit; $1,500.00 in attorneys' fees; and $1,000.00 in arbitration costs. (Arbitration Opinion and Award ("Arb. Award") at 4.) In addition, the arbitrator ordered Marlboro to submit to an examination of its payroll records. Marlboro has ignored the Funds' demands for payment and an audit. (Arb. Award at 4.)

On June 21, 2016, the Funds filed this action requesting the Court to confirm the arbitration award and enter a judgment consistent therewith.  Marlboro has failed to appear.

## DISCUSSION

Arbitration awards "are not self-enforcing, [so] they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (citation omitted).  "[J]udicial review of an arbitration award is narrowly limited," Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 120 (2d Cir. 1991), and the court is required to grant a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10 and 11]."  9 U.S.C. § 9.  Moreover, an "arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny."  Yusuf Ahmed Alghanim & Sons v. Toys 'R' Us, Inc., 126 F.3d 15, 23 (2d Cir. 1997) (internal citations and quotation marks omitted).

Where a petition to confirm an arbitration award is unopposed, courts should treat the petition and its accompanying submissions as "akin to a motion for summary judgment."  D.H. Blair, 462 F.3d at 109–10.  Therefore, an unopposed petition to confirm an arbitration will fail only where "the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."  Id. at 110 (internal quotation marks omitted).

Here, nothing in the record indicates that the Funds' arbitration award should be vacated, nor is there any basis for modifying or correcting the award.  The Funds presented evidence in support of their claim that certain employees were denied benefits as a result of Marlboro's failure to make contractually required payments to the Funds.  Pay stubs of two

employees revealed pertinent information concerning the "taxes and deductions by pay period and year-to-date, including union dues from each man, FICA, federal withholding, NY State taxes, and NY district taxes" from which the arbitrator calculated the outstanding amounts owed to the Funds.  (Arb. Award at 2.)  The Funds also presented a "Deficiency Report" that calculated the "amount of money [] owed by [Marlboro] to the Funds for contractually-determined fringe benefits."  (Arb. Award at 2.)

The arbitrator also considered the evidence submitted by Marlboro and concluded that it was immaterial to the underlying claims and did "not negate [Marlboro's] legal responsibilities to make fringe benefit contributions to the Funds."  (Arb. Award at 4.)  In sum, the arbitrator's Opinion and Award has substantially more than the "colorable justification" needed to confirm it.

## CONCLUSION

For the foregoing reasons, Petitioners' motion to confirm the arbitration award is granted.  Marlboro is directed to pay $43,905.75 with statutory interest and submit to an audit of its payroll records from February 2, 2007 to the present.  The Clerk of Court is directed to mark this case as closed.

Dated: September 30, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

4